IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CMH MANUFACTURING, INC d/b/a<br>CLAYTON HOMES, and NTA, INC.,<br><br>    Plaintiffs,<br><br>v.<br><br>HENSEL PHELPS CONSTRUCTION CO.,<br>SAIC ENERGY, ENVIRONMENT &<br>INFRASTRUCTURE, LLC, ESSENTIAL<br>FIRE PROTECTION SYSTEMS, INC.,<br>A-1 SECURITY & FIRE EQUIPMENT<br>COMPANY, INC., ALL AMERICAN<br>GROUP, INC., and INNOVATIVE DESIGN<br>AND BUILDING SERVICES, LLC f/k/a<br>ALL AMERICAN HOMES,<br><br>    Defendants. | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 12-CV-1223 |

**DEFENDANT ESSENTIAL FIRE PROTECTION SYSTEMS, INC.'S
ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Essential Fire Protection Systems, Inc. ("EFPS") files its Original Answer to Plaintiffs' Original Complaint, and would respectfully show the Court as follows:

### NATURE OF THE DISPUTE

1. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 1–6 of Plaintiffs' Original Complaint.

2. EFPS asserts that no conduct on its part constituted negligence or negligent misrepresentation, and/or a proximate cause of any alleged damages to the modular dormitory buildings in question or Plaintiffs.

## JURISDICTION AND VENUE

3. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 8–10 of Plaintiffs' Original Complaint.

## PARTIES

4. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 11–14, 16–18 of Plaintiffs' Original Complaint.

5. EFPS admits Paragraph 15; however, EFPS is now located at 10920 Marconi Lane, El Paso, Texas 79935-4611.

## FACTS

6. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 19–22, 25–28, 30, 33–47 of Plaintiffs' Original Complaint.

7. EFPS denies the allegations contained in Paragraph 23 of Plaintiffs' Original Complaint, that it designed the fire protection sprinkler system for the modular dormitory buildings in question. EFPS admits that it reviewed architectural plans provided by Benham Group, LLC depicting the location of sprinkler heads in the modular dormitory buildings in question for the purpose of determining whether the spacing between the sprinkler heads adhered to the spacing requirements of the National Fire Protection Agency. EFPS also admits that it performed hydraulic calculations based on the plans provided by Benham Group, LLC for the purpose of determining whether the piping diameters were adequate.

8. EFPS denies that it was part of the "design group" as alleged in Paragraph 24 of Plaintiffs' Original Complaint.

9. EFPS denies that it generated the final design for the fire suppression sprinkler system used in the modular dormitory buildings in question as alleged in Paragraph 29 of Plaintiffs' Original Complaint.

10. EFPS denies the allegations contained in Paragraph 31 of Plaintiffs' Original Complaint.

11. EFPS denies the allegations contained in Paragraph 32 of Plaintiffs' Original Complaint.

### CONDITIONS PRECEDENT

12. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 48 of Plaintiffs' Original Complaint.

### CERTIFICATE OF MERIT

13. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 1–3, 7 of the Certificate of Merit by John M. McGinty, FAIA, attached as Exhibit 2 to Plaintiffs' Original Complaint.

14. EFPS denies the allegations contained in Paragraphs 4–6, 8–9 of the Certificate of Merit by John M. McGinty, FAIA, attached as Exhibit 2 to Plaintiffs' Original Complaint.

### NEGLIGENCE CLAIM AGAINST EFPS

15. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 51–52 of Plaintiffs' Original Complaint.

16. EFPS denies the allegations contained in Paragraphs 53–56 of Plaintiffs' Original Complaint. EFPS asserts that no conduct on its part constituted negligence and/or a proximate cause of any alleged damages to the modular dormitory buildings in question or Plaintiffs.

---

DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT    PAGE 3
1818160
09790 019

### NEGLIGENT MISREPRESENTATION CLAIM AGAINST EFPS

17. EFPS lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraphs 58–59 of Plaintiffs' Original Complaint.

18. EFPS denies the allegations contained in Paragraphs 60–64 of Plaintiffs' Original Complaint. EFPS asserts that no conduct on its part constituted negligent misrepresentation, and/or a proximate cause of any alleged damages to the modular dormitory buildings in question or Plaintiffs.

### AFFIRMATIVE DEFENSES

19. EFPS asserts that Plaintiffs engaged in negligent acts and/or omissions that solely and/or proximately caused their alleged damages. These acts include, but are not limited to, failing to properly install the fire suppression sprinkler system in question and/or manufacture the modular dormitory buildings in question. EFPS requests the trier of fact to determine Plaintiffs' percentage of responsibility pursuant to TEX. CIV. PRAC. & REM. CODE §33.003.

20. EFPS affirmatively pleads a defense against Plaintiffs' claims based on proportionate responsibility pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, and ask the finder of fact to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the damages about which Plaintiffs complain.

21. EFPS further asserts that Plaintiffs' cause of action for negligence and negligent misrepresentation against EFPS are barred by the economic loss rule.

22. EFPS further asserts that Plaintiffs lack privity with EFPS.

23. EFPS affirmatively pleads a defense to Plaintiffs' claims on the basis that Plaintiffs' damages, if any, were caused, solely or partially, or proximately caused by conduct of some person or third party over whom EFPS had no control nor legal responsibility.

24. EFPS affirmatively pleads that in the event Plaintiffs recover any amount against it in these proceedings, EFPS requests the Court offset said amount by any amount the Plaintiffs have already received or are scheduled to receive from any and all other applicable parties and/or sources.

25. EFPS further asserts that Plaintiffs' claims are barred in whole or in part by the doctrine of contributory negligence of its servants, agents and employees.

26. EFPS further asserts its right to contribution and apportionment of fault from all other responsible parties as provided by Chapters 32 and 33 of the Texas Civil Practices and Remedies Code.

27. EFPS further asserts that Plaintiffs' damages, if any, are unrelated to any act, error or omission of EFPS, and EFPS's actions were neither the producing nor proximate cause of any alleged damages.

28. EFPS further asserts that Plaintiffs' alleged damages, if any, or a portion thereof, were the result of a new and independent, intervening, and/or superseding cause or were solely the result of another's acts or omissions.

29. EFPS further asserts the affirmative defenses of waiver, ratification, and estoppel.

30. Plaintiffs have pled inconsistent theories of recovery in this case. Plaintiffs are entitled to recover under only one of the theories. EFPS requests that Plaintiffs elect one theory of recovery.

**PRAYER**

BASED ON THE FOREGOING, Defendant Essential Fire Protection Systems, Inc. prays that Plaintiffs take nothing by their suit, that the Court award EFPS its costs in defending this matter, and for such further relief to which EFPS may be justly entitled.

          Respectfully Submitted,

          THOMPSON, COE, COUSINS & IRONS, L.L.P.

By:    /s/ Daniel P. Buechler
        Jennifer D. Aufricht
        State Bar No. 01429050
        Shawn W. Phelan
        State Bar No. 00784758
        Daniel P. Buechler
        State Bar No. 24047756

Plaza of the Americas
700 N. Pearl Street, Twenty-Fifth Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8276
              (214) 871-8245
Facsimile: (214) 871-8209
E-Mail: jaufricht@thompsoncoe.com
         sphelan@thompsoncoe.com

**ATTORNEYS FOR DEFENDANT ESSENTIAL FIRE PROTECTION SYSTEMS, INC.**

## CERTIFICATE OF SERVICE

     I hereby certify that the above and foregoing document was forwarded pursuant to the Federal Rules of Civil Procedure on February 18, 2013.

R. Wes Johnson
Thomas J. Walthall, Jr.
Gardner Law
745 East Mulberry Ave., Suite 500
San Antonio, Texas 78212

Scott Lyford
Mills Shirley, LLP
409 S. Presa
San Antonio, Texas 78205

                    /s/ Jennifer Aufricht