UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO, DIVISION

| | |
|---|---|
| CMH MANUFACTURING, INC., d/b/a CLAYTON HOMES, AND NTA, INC.<br>  Plaintiffs<br><br>V.<br><br>HENSEL PHELPS CONSTRUCTION CO., SAIC ENERGY, ENVIRONMENT & INFRASTRUCTURE, LLC f/k/a BENHAM GROUP, LLC, ESSENTIAL FIRE PROTECTION SYSTEMS, INC., A-1 SECURITY & FIRE EQUIPMENT COMPANY, INC., ALL AMERICAN GROUP, INC., and INNOVATIVE DESIGN AND BUILDING SERVICES, LLC f/k/a ALL AMERICAN HOMES,<br>  Defendants, | CIVIL ACTION<br><br>NO. 12-CV-1223 |

## DEFENDANT HENSEL PHELPS CONSTRUCTION, CO.'S ORIGINAL ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE XAVIER RODRIGUEZ:

Defendant, HENSEL PHELPS CONSTRUCTION CO. ("Hensel Phelps") files its Original Answer to Plaintiffs' Original Complaint, and would respectfully show the Court as follows:

### NATURE OF THE DISPUTE

1. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 1 – 6 of Plaintiffs' Original Complaint.

2. Hensel Phelps denies the allegations contained in paragraph 7 of Plaintiffs' Original Complaint.

## JURISDICTION AND VENUE

3. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 8 - 10 of Plaintiffs' Original Complaint.

## PARTIES

4. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 11 – 12, 14 - 18 of Plaintiffs' Original Complaint.

5. Hensel Phelps admits the allegations contained in paragraph 13 of Plaintiffs' Original Complaint.

## FACTS

6. Hensel Phelps admits it entered into a contract with the Corps, but denies the remaining allegations contained in paragraph 19 of Plaintiffs' Original Complaint.

7. Hensel Phelps admits only that Hensel Phelps and the Corps entered into a contract with the Corps for the design and construction of the a series of modular buildings including but not limited to those buildings identified in the Complaint as Modular Buildings, but Hensel Phelps denies the remaining allegations contained in paragraph 20 of Plaintiffs' Original Complaint.

8. Hensel Phelps denies the allegations contained in paragraph 21 of Plaintiffs' Original Complaint.

9. Hensel Phelps denies the allegations contained in paragraph 22 of Plaintiffs' Original Complaint.

10. Hensel Phelps denies the allegations contained in paragraph 23 of Plaintiffs' Original Complaint.

11. Hensel Phelps denies the allegations contained in paragraph 24 of Plaintiffs' Original Complaint.

12. Hensel Phelps denies the allegations contained in paragraph 25 of Plaintiffs' Original Complaint.

13. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 26 of Plaintiffs' Original Complaint.

14. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 27 of Plaintiffs' Original Complaint.

15. Hensel Phelps denies the allegations contained in paragraph 28 of Plaintiffs' Original Complaint.

16. Hensel Phelps denies the allegations contained in paragraph 29 of Plaintiffs' Original Complaint.

17. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 30 of Plaintiffs' Original Complaint.

18. Hensel Phelps denies the allegations contained in paragraph 31 of Plaintiffs' Original Complaint.

19. Hensel Phelps denies the allegations contained in paragraph 32 of Plaintiffs' Original Complaint.

20. Hensel Phelps denies the allegations contained in paragraph 33 of Plaintiffs' Original Complaint.

21. Hensel Phelps denies the allegations contained in paragraph 34 of Plaintiffs' Original Complaint.

22. Hensel Phelps denies the allegations contained in paragraph 35 of Plaintiffs' Original Complaint.

23. Hensel Phelps denies the allegations contained in paragraph 36 of Plaintiffs' Original Complaint.

24. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 37 of Plaintiffs' Original Complaint.

25. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 38 of Plaintiffs' Original Complaint.

26. Hensel Phelps denies the allegations contained in paragraph 39 of Plaintiffs' Original Complaint.

27. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 40 of Plaintiffs' Original Complaint.

28. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 41 of Plaintiffs' Original Complaint.

29. Hensel Phelps denies the allegations contained in paragraph 42 of Plaintiffs' Original Complaint.

30. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 43 of Plaintiffs' Original Complaint.

31. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 44 of Plaintiffs' Original Complaint.

32. Hensel Phelps denies the allegations contained in paragraph 45 of Plaintiffs' Original Complaint.

33.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 46 of Plaintiffs' Original Complaint.

34.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 47 of Plaintiffs' Original Complaint.

## CONDITIONS PRECEDENT

35.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 48 of Plaintiffs' Original Complaint.

## CERTIFICATE OF MERIT

36.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 49 of Plaintiffs' Original Complaint, including the allegations contained in the certificate of merit attached as Exhibit 2 to Plaintiffs' Original Complaint.

## NEGLIGENCE CLAIM AGAINST DESIGN GROUP

37.     No response is necessary to Paragraph 50 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1-49 of Plaintiffs' Original Complaint.

38.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 51 of Plaintiffs' Original Complaint.

39.     Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 52 of Plaintiffs' Original Complaint.

40.     Hensel Phelps denies the allegations contained in paragraphs 53 - 56 of Plaintiffs' Original Complaint. Hensel Phelps asserts that no conduct on its part constituted negligence

and/or was a proximate cause of any alleged damages to the modular dormitory buildings in question or Plaintiff.

## NEGLIGENT REPRESENTATIONS OF DESIGN GROUP

41. No response is necessary to Paragraph 57 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1-56 of Plaintiffs' Original Complaint.

42. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 58 of Plaintiffs' Original Complaint.

43. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraph 59 of Plaintiffs' Original Complaint.

44. Hensel Phelps denies the allegations contained in paragraphs 60 - 64 of Plaintiffs' Original Complaint. Hensel Phelps asserts that no conduct on its part constituted negligent misrepresentation, and/or was a proximate cause of any alleged damages to the modular dormitory buildings in question.

## ALTERNATIVE RELIEF AGAINST A-1, NEGLIGENCE

45. No response is necessary to Paragraph 65 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1-64 of Plaintiffs' Original Complaint.

46. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 66 - 70 of Plaintiffs' Original Complaint.

### ALTERNATIVE RELIEF AGAINST A-1, NEGLIGENT MISREPRESENTATION

47. No response is necessary to Paragraph 71 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 70 of Plaintiffs' Original Complaint.

48. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 72 - 77 of Plaintiffs' Original Complaint.

### ALTERNATIVE RELIEF AGAINST A-1, BREACH OF CONTRACT

49. No response is necessary to Paragraph 78 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 77 of Plaintiffs' Original Complaint.

50. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 78 - 82 of Plaintiffs' Original Complaint.

### ALTERNATIVE RELIEF AGAINST A-1, BREACH OF WARRANTY

51. No response is necessary to Paragraph 83 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 82 of Plaintiffs' Original Complaint.

52. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 84 - 87 of Plaintiffs' Original Complaint.

### ALTERNATIVE RELIEF AGAINST ALL AMERICAN, NEGLIGENCE

53. No response is necessary to Paragraph 88 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 87 of Plaintiffs' Original Complaint.

54. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 89 - 93 of Plaintiffs' Original Complaint.

## ALTERNATIVE RELIEF AGAINST ALL AMERICAN, NEGLIGENT MISREPRESENTATION

55. No response is necessary to Paragraph 94 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 93 of Plaintiffs' Original Complaint.

56. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 95 - 103 of Plaintiffs' Original Complaint.

## ALTERNATIVE RELIEF AGAINST ALL AMERICAN, BREACH OF CONTRACT

57. No response is necessary to Paragraph 104 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 103 of Plaintiffs' Original Complaint.

58. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 105 - 109 of Plaintiffs' Original Complaint.

## ALTERNATIVE RELIEF AGAINST ALL AMERICAN, BREACH OF WARRANTY

59. No response is necessary to Paragraph 110 of Plaintiffs' Original Complaint. However, Defendant incorporates its responses to Paragraphs 1 - 109 of Plaintiffs' Original Complaint.

60. Hensel Phelps lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in paragraphs 111 - 115 of Plaintiffs' Original Complaint.

## PRAYER FOR RELIEF

61. Regarding the allegations contained in the Prayer Paragraph of Plaintiffs' Original Complaint, Defendant denies that Plaintiff should prevail on an any claims or recover any

damages or attorneys' fees from Defendant. Defendant further prays that the Court enter a take-nothing judgment in Defendant's favor.

## AFFIRMATIVE DEFENSES

62. Hensel Phelps asserts that Plaintiffs engaged in negligent acts and/or omissions that solely and/or proximately caused their alleged damages. These acts include, but are not limited to, failing to properly install the fire suppression sprinkler system in question and/or manufacture the modular dormitory buildings in question. Hensel Phelps requests the trier of fact to determine Plaintiffs' percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code § 33.003.

63. Hensel Phelps would show that it complied with the terms of any applicable contracts.

64. Hensel Phelps would show that Plaintiff has failed to mitigate its alleged damages, if any.

65. Hensel Phelps further asserts that Plaintiffs' causes of action for negligence and negligent misrepresentation are barred by the economic loss rule.

66. Hensel Phelps would show that Plaintiff has a duty to segregate its request for attorneys' fees under Texas law.

67. Hensel Phelps affirmatively pleads a defense against Plaintiffs' claims based on proportionate responsibility pursuant to Chapter 22 of the Texas Civil Practice and Remedies Code, and asks the finder of fact to determine the percentage of responsibility of each person or entity, whether or not joined in this lawsuit, for the damages about which Plaintiffs complain.

68. Hensel Phelps further asserts that Plaintiffs lack privity with Hensel Phelps.

69. Hensel Phelps affirmatively pleads a defense to Plaintiffs' claims on the basis that Plaintiffs' damages, if any, were caused, solely or partially, or proximately caused by conduct of some person or third party over whom Hensel Phelps had neither control nor legal responsibility.

70. Hensel Phelps affirmatively pleads that in the event Plaintiffs recover any amount against it in these proceedings, Hensel Phelps requests the Court offset said amount by any amount the Plaintiffs have already received or are scheduled to receive from any and all other applicable parties and/or sources.

71. Hensel Phelps further asserts that Plaintiffs' claims are barred in whole or in part by the doctrine of contributory negligence of its servants, agents and employees.

72. Hensel Phelps asserts that Plaintiffs' damages, if any, are unreleated to any act, error or omission of Hensel Phelps, and Hensel Phelps' actions were neither the producing nor proximate cause of any alleged damages.

73. Hensel Phelps further asserts that Plaintiffs' alleged damages, if any, or a portion thereof, were the result of a new and independent, intervening, and/or superseding cause or were solely the result of another's acts or omissions.

74. Hensel Phelps further asserts the affirmative defenses of waiver, ratification, and estoppel.

### Conclusion and Prayer

75. Defendant reserves the right to amend this Answer to Plaintiffs' Original Complaint in accordance with the Federal Rules of Civil Procedure and as discovery progresses.

WHEREFORE, PREMISES CONSIDERED, Defendant Hensel Phelps Construction Co. prays that the Court enter a take-nothing judgment in its favor. Defendant Hensel Phelps

Construction Co. further prays for any such additional relief, either at law or in equity, to which it may be justly entitled.

                            Respectfully submitted,

                            **HAYS, McCONN, RICE & PICKERING**

By:    /s/ David V. Wilson, II
        David V. Wilson, II
        State Bar No. 00786402
        1233 West Loop South, Suite 1000
        Houston, Texas 77027
        Telephone: (713) 654-1111
        Facsimile: (713) 650-0027

        **ATTORNEY FOR DEFENDANT, HENSEL PHELPS CONSTRUCTION CO.**

**OF COUNSEL:**

**HAYS, McCONN, RICE & PICKERING**
Sara M. Banks
State Bar No. 24064861
1233 West Loop South, Suite 1000
Houston, Texas 77027
Telephone: (713) 654-1111
Facsimile: (713) 650-0027
Email: sbanks@haysmcconn.com

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been duly sent via CM/ECF and facsimile to all counsel of record on this the 1st day of March, 2013.

R. Wes Johnson
Thomas J. Walthall, Jr.
The Gardner Law Firm
745 East Mulberry, Suite 500
San Antonio, TX  78212

Roland Scott Lyford
Mills Shirley LLP
409 S. Presa
San Antonio, TX  78205

Jennifer D. Aufricht
Daniel Paul Buechler
Shawn W. Phelan
Thompson, Coe, Cousins & Irons, L.L.P.
700 N. Pearl Street – 25th Floor
Dallas, TX  75201-2832

James W. Watson
Brian Scott Bradley
Watson, Caraway Midkiff & Luningham, LLP
1600 Oil & Gas Building
309 West 7th Street
Fort Worth, TX  76102

Marc A. Young
Cokinos Bosien & Young
10999 IH-10, Suite 800
San Antonio, TX  78230

/s/ David V. Wilson
David V. Wilson, II