UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CMH MANUFACTURING, INC. d/b/a | § | |
| CLAYTON HOMES, and NTA, INC., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| vs. | § | |
| | § | |
| HENSEL PHELPS CONNSTRUCTION CO., | § | CIVIL ACTION NO. |
| SAIC ENERGY, ENVIRONMENT & | § | 12-CV-1223-XR |
| INFRASTRUCTURE, LLC f/k/a BENHAM | § | |
| GROUP, LLC, ESSENTIAL FIRE PROTECTION | § | |
| SYSTEMS, INC., A-1 SECURITY AND FIRE | § | |
| EQUIPMENT COMPANY, INC., ALL | § | |
| AMERICAN GROUP, INC., and INNOVATIVE | § | |
| DESIGN AND BUILDING SERVICES, LLC | § | |
| f/k/a ALL AMERICAN HOMES, | § | |
| | § | |
| Defendants. | § | |

**ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND OF
DEFENDANT SAIC ENERGY, ENVIROMENT & INFRASTRUCTURE, LLC**

For its answer and affirmative defenses to the Original Complaint (Doc. 1) of plaintiffs

CMH Manufacturing, Inc. d/b/a Clayton Homes and NTA, Inc. (collectively "Plaintiffs"),

defendant SAIC Energy, Environment & Infrastructure, LLC f/k/a The Benham Companies,

LLC ("SEE&I")[1], states and alleges as follows:

---

[1] In the caption and body of their complaint, plaintiffs incorrectly identified the answering defendant as SAIC Energy, Environment & Infrastructure, LLC f/k/a Benham Group, LLC.  The Benham Group, LLC ("TBG") was not involved in the Project; rather, as noted in paragraph 22, The Benham Companies, LLC entered into a written contract with Hensel Phelps Construction Co. on or about November 30, 2006 and performed certain services in connection with the Project.  The Benham Companies, LLC changed its name to SAIC Energy, Environment & Infrastructure, LLC ("SEE&I") in March 2011.  SEE&I presumes, therefore, that plaintiffs inadvertently misnamed the answering defendant.  If, however, plaintiffs intended to assert claims against The Benham Group, LLC in their complaint, The Benham Group, LLC denies all allegations and claims contained in plaintiff's Complaint.

## NATURE OF THE DISPUTE

1.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 1.  SEE&I therefore denies these allegations.

2.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 2.  SEE&I therefore denies these allegations.

3.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 3.  SEE&I therefore denies these allegations.

4.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 4.  SEE&I therefore denies these allegations.

5.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 5.  SEE&I therefore denies these allegations.

6.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 6.  SEE&I therefore denies these allegations.

7.      To the extent the allegations in paragraph 7 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

## JURISDICTION AND VENUE

8.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 8.  SEE&I therefore denies these allegations.

9.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 9.  SEE&I therefore denies these allegations.

10.      SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 10.  SEE&I therefore denies these allegations.

## PARTIES

11.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 11.  SEE&I therefore denies these allegations.

12.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 12.  SEE&I therefore denies these allegations.

13.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 13.  SEE&I therefore denies these allegations.

14.     With respect to the allegations in paragraph 14, SEE&I denies that its principal place of business is in Delaware but otherwise admits the allegations in this paragraph.

15.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 15.  SEE&I therefore denies these allegations.

16.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 16.  SEE&I therefore denies these allegations.

17.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 17.  SEE&I therefore denies these allegations.

18.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 18.  SEE&I therefore denies these allegations.

## ALLEGED FACTS

19.     SEE&I denies the allegations in paragraph 19.  SEE&I, however, affirmatively asserts that defendant Hensel Phelps Construction Co. ("Hensel") was and is the design-builder on a project for the United States Army Corp of Engineers located at Fort Bliss, Texas and commonly known as "IDIQ for Design Build Services for Southwestern Region Brigade Combat Team Complex – Unaccompanied Enlisted Personnel Housing" ("the Project").

20.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 20, as phrased.  SEE&I therefore denies these allegations.  SEE&I, however, affirmatively asserts that Hensel entered into a contract with the United States Army Corp of Engineers concerning the Project and, on information and belief, this contract imposed certain duties and obligations on Hensel.

21.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 21.  SEE&I therefore denies these allegations.

22.     SEE&I denies the allegations in paragraph 22.  SEE&I, however, affirmatively asserts that: (i) on or about November 30, 2006, Hensel and The Benham Companies, LLC entered into a written contract entitled "Agreement Between Design-Builder and Architect/Engineer" ("the Hensel/SEE&I Contract") concerning the Project; (ii) The Benham Companies, LLC changed its name to SAIC Energy, Environment & Infrastructure, LLC in March 2011; and (iii) the terms and conditions of the Hensel/SEE&I Contract speak for themselves.

23.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 23.  SEE&I therefore denies these allegations.

24.     Because paragraph 24 does not allege any facts, no response to this paragraph is required from SEE&I.  If and to the extent a response may be required, however, SEE&I denies the allegations and argumentative characterizations this paragraph.

25.     With respect to paragraph 25, to the extent the allegations in this paragraph allege or imply that The Warrior Group ("Warrior") furnished, installed, or provided fire protection sprinkler systems for the Project in accordance with design services provided by SEE&I, SEE&I denies the allegations in this paragraph; otherwise, SEE&I lacks knowledge and information

sufficient to form a belief as the truth of the allegations in paragraph 25 and, therefore, denies these allegations.

26.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 26.  SEE&I therefore denies these allegations.

27.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 27.  SEE&I therefore denies these allegations.

28.     With respect to paragraph 28, to the extent the allegations in this paragraph allege or imply that SEE&I prepared or provided design plans or details for the Project that were incomplete, inadequate, or deficient in any respect, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in this paragraph and, therefore, denies these allegations.

29.     SEE&I denies the allegations in paragraph 29.

30.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 30.  SEE&I therefore denies these allegations.

31.     SEE&I denies the allegations in paragraph 31.

32.     SEE&I denies the allegations in paragraph 32.

33.     SEE&I denies the allegations in paragraph 33.

34.     SEE&I denies the allegations in paragraph 34.

35.     SEE&I denies the allegations in paragraph 35.

36.     SEE&I denies the allegations in paragraph 36.

37.     With respect to paragraph 37, to the extent the allegations in this paragraph allege or imply that SEE&I prepared or provided design plans or details for the Project that were incomplete, inadequate, or deficient in any respect, SEE&I denies these allegations; otherwise,

SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in this paragraph and, therefore, denies these allegations.

38.     With respect to paragraph 38, to the extent the allegations in this paragraph allege or imply that SEE&I prepared or provided design plans or details for the Project that were incomplete, inadequate, or deficient in any respect, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in this paragraph and, therefore, denies these allegations.

39.     With respect to paragraph 39, to the extent the allegations in this paragraph allege or imply that SEE&I prepared or provided design plans or details for the Project that were incomplete, inadequate, or deficient in any respect, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in this paragraph and, therefore, denies these allegations.

40.     With respect to paragraph 40, to the extent the allegations in this paragraph allege or imply that SEE&I prepared or provided design plans or details for the Project that were incomplete, inadequate, or deficient in any respect, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in this paragraph and, therefore, denies these allegations.

41.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 41.  SEE&I therefore denies these allegations.

42.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 42.  SEE&I therefore denies these allegations.

43.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 43.  SEE&I therefore denies these allegations.

44.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 44.  SEE&I therefore denies these allegations.

45.     With respect to the allegations in paragraph 45, on information and belief, SEE&I admits that certain sprinkler pipes froze and burst on or around January 1, 2011, but SEE&I lacks knowledge and information sufficient to form a belief as the truth of the remaining allegations in this paragraph.  The remaining allegations are therefore denied.

46.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 46.  SEE&I therefore denies these allegations.

47.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 47.  SEE&I therefore denies these allegations.

<u>CONDITIONS PRECEDENT</u>

48.     SEE&I denies the allegations in paragraph 48.

<u>CERTIFICATE OF MERIT</u>

49.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 49, including the allegations and opinions contained in the certificate attached as <u>Exhibit 2</u> to plaintiffs' Complaint.  SEE&I therefore denies these allegations.

<u>NEGLIGENCE CLAIM AGAINST DESIGN GROUP</u>

50.     In response to paragraph 50, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

51.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 51.  SEE&I therefore denies these allegations.

52.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 52.  SEE&I therefore denies these allegations.

53.     To the extent the allegations in paragraph 53 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

54.     To the extent the allegations in paragraph 54 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

55.     To the extent the allegations in paragraph 55 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

56.     SEE&I denies the allegations in paragraph 56.

NEGLIGENT REPRESENTATION OF DESIGN GROUP

57.     In response to paragraph 57, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

58.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 58.  SEE&I therefore denies these allegations.

59.     SEE&I lacks knowledge and information sufficient to form a belief as the truth of the allegations in paragraph 59.  SEE&I therefore denies these allegations.

60.     SEE&I denies the allegations in paragraph 60.

61.     To the extent the allegations in paragraph 61 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

62.     To the extent the allegations in paragraph 62 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

63.     To the extent the allegations in paragraph 63 are directed at SEE&I, SEE&I denies these allegations; otherwise, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

64.     SEE&I denies the allegations in paragraph 64.

<u>ALTERNATIVE RELIEF AGAINST A-1, NEGLIGENCE</u>

65.     In response to paragraph 65, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

66.     Because the allegations in paragraph 66 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

67.     Because the allegations in paragraph 67 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

68.     Because the allegations in paragraph 68 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

69.     Because the allegations in paragraph 69 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

70.     Because the allegations in paragraph 70 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

ALTERNATIVE RELIEF AGAINST A-1, NEGLIGENT MISREPRESENTATION

71.     In response to paragraph 71, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

72.     Because the allegations in paragraph 72 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

73.     Because the allegations in paragraph 73 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

74.     Because the allegations in paragraph 74 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

75.     Because the allegations in paragraph 75 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

76.     Because the allegations in paragraph 76 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

77.     Because the allegations in paragraph 77 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

<u>ALTERNATIVE RELIEF AGAINST A-1, BREACH OF CONTRACT</u>

78.     In response to paragraph 78, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

79.     Because the allegations in paragraph 79 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

80.     Because the allegations in paragraph 80 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

81.     Because the allegations in paragraph 81 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

82.     Because the allegations in paragraph 82 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

<u>ALTERNATIVE RELIEF AGAINST A-1, BREACH OF WARRANTY</u>

83.     In response to paragraph 83, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

84.     Because the allegations in paragraph 84 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

85.     Because the allegations in paragraph 85 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

86.     Because the allegations in paragraph 86 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

87.     Because the allegations in paragraph 87 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

<u>ALTERNATIVE RELIEF AGAINST ALL AMERICAN, NEGLIGENCE</u>

88.     In response to paragraph 88, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

89.     Because the allegations in paragraph 89 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

90.     Because the allegations in paragraph 90 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

91.     Because the allegations in paragraph 91 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

92.     Because the allegations in paragraph 92 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

93.     Because the allegations in paragraph 93 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

<u>ALTERNATIVE RELIEF AGAINST ALL AMERICAN,<br>NEGLIGENT MISREPRESENTATION</u>

94.     In response to paragraph 94, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

95.     Because the allegations in paragraph 95 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

96.     Because the allegations in paragraph 96 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

97.     Because the allegations in paragraph 97 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

98.     Because the allegations in paragraph 98 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

99.     Because the allegations in paragraph 99 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

100.    Because the allegations in paragraph 100 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

101.    Because the allegations in paragraph 101 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

102.    Because the allegations in paragraph 102 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

103.    Because the allegations in paragraph 103 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

## ALTERNATIVE RELIEF AGAINST ALL AMERICAN, BREACH OF CONTRACT

104.    In response to paragraph 104, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

105.    Because the allegations in paragraph 105 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

106.    Because the allegations in paragraph 106 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

107.    Because the allegations in paragraph 107 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

108.    Because the allegations in paragraph 108 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

109.    Because the allegations in paragraph 109 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

<u>ALTERNATIVE RELIEF AGAINST ALL AMERICAN, BREACH OF WARRANTY</u>

110.    In response to paragraph 110, SEE&I incorporates by reference and reasserts its responses to all preceding paragraphs.

111.    Because the allegations in paragraph 111 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

112.    Because the allegations in paragraph 112 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

113.    Because the allegations in paragraph 113 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

114.    Because the allegations in paragraph 114 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

115.    Because the allegations in paragraph 115 are not directed at SEE&I, no response to these allegations is required from SEE&I.  However, if and to the extent a response to these allegations may be required from SEE&I, SEE&I lacks knowledge and information sufficient to form a belief as the truth of these allegations.

PRAYER FOR RELIEF

116.    In response to the allegations and statements in the section of plaintiffs' Complaint entitled "Prayer for Relief," SEE&I denies that plaintiffs can or should prevail on any

claim or cause of action, recover any damages, recover their attorney's fees and expenses, or receive any recovery in this action.

117.     SEE&I denies all allegations in plaintiff's complaint except those expressly admitted in this answer.

## AFFIRMATIVE DEFENSES

1.     Plaintiffs' complaint fails to state a claim against SEE&I upon which relief may be granted under any theory.

2.     Each of plaintiffs' purported claims and causes of action against SEE&I is barred by the economic loss doctrine.

3.     Each of plaintiffs' purported claims and causes of action against SEE&I is barred by the lack of privity.

4.     SEE&I alleges and asserts that plaintiffs engaged in negligent acts and/or omissions that solely and/or proximately caused plaintiffs' alleged damages.  These acts include, but are not limited to, failing to properly install the fire suppression sprinkler system on the Project and/or manufacture the modular dormitory buildings on the Project.  SEE&I, therefore, requests the trier of fact to determine and allocate plaintiffs' percentage of responsibility pursuant to TEX. CIV. PRAC. & REM. CODE § 33.033.

5.     SEE&I alleges and asserts that, pursuant to Chapter 33 of the Texas Civil Practice and Remedies Code, the finder of fact must determine proportionate fault of all persons or entities, whether or not joined as parties to this action, and allocate plaintiff's recoverable damages, if any, based on the proportionate fault of each person or entity.

6.     Plaintiffs' claims against SEE&I are barred or reduced because plaintiffs' alleged damages, if any, were caused, in whole or in part, by persons or entities over whom SEE&I had no control or legal responsibility.

7.     Plaintiffs' claims against SEE&I are barred or reduced because plaintiffs failed to mitigate and/or exacerbated their alleged damages.

8.     SEE&I fully complied with all terms and conditions of the Hensel/SEE&I Contract.

9.     In the event plaintiffs' recover any damages in this action, such recovery shall be offset by any amounts that plaintiffs receive from any other person or entity pursuant to settlement, judgment, arbitration award, or otherwise.

10.    Plaintiffs' claims are barred or reduced by the doctrine of contributory negligence.

11.    Plaintiffs' claims are barred or reduced by the doctrine of waiver.

12.    Plaintiffs' claims are barred or reduced by the doctrine of unclean hands.

13.    Plaintiffs' claims are barred or reduced by the doctrine of estoppel.

14.    Plaintiffs' alleged damages, if any, were caused by and the result of independent, intervening, and/or superseding causes for which SEE&I bears no fault or responsibility.

15.    SEE&I reserves the right to amend this pleading to assert any new or additional affirmative defenses that become known or available prior to trial.

WHEREFORE, having fully answered, SEE&I prays that the Court enter judgment in SEE&I's favor, and against plaintiffs, on all counts; that plaintiffs recover nothing in this action; that the Court award SEE&I its costs in defending this action; and for such other and further relief the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Defendant SAIC Energy, Environment & Infrastructure, LLC f/k/a The Benham

Companies, LLC demands trial by jury on all claims and issues.

Respectfully submitted,

**COKINOS BOSIEN & YOUNG**

*/s/ Marc A. Young*

_____

Marc A. Young
State Bar No. 22201500
10999 West IH 10, Suite 800
San Antonio, Texas  78230
Tel: (210) 293-8728
Fax: (210) 898-5421
E-mail: MYoung@cbylaw.com
*Counsel for defendant SAIC Energy, Environment*
*& Infrastructure, LLC f/k/a The Benham*
*Companies, LLC*

OF COUNSEL:

Jeffrey A. Kennard     *Pro Hac Vice Pending*
**SCHARNHORST AST & KENNARD, P.C.**
1100 Walnut Street, Suite 1950
Kansas City, Missouri  64106-2197
Tel: (816) 268-9400
Fax: (816) 268-9409
E-mail:  jak@sakfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2013, a true and correct copy of the foregoing *Answer, Affirmative Defenses, and Jury Demand of Defendant SAIC Energy, Environment & Infrastructure, LLC f/k/a The Benham Companies* with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case files system of the court.  I hereby certify that I have served the following counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

*ATTORNEYS FOR PLAINTIFF, CMH MANUFACTURING, INC. d/b/a CLAYTON HOMES*
R. Wes Johnson
Thomas J. Walthall, Jr.
GARDNER LAW
745 East Mulberry Avenue, Suite 500
San Antonio, Texas  78212

*ATTORNEYS FOR PLAINTIFF, NTA, INC.*
Scott Lyford
State Bar No. 12715200
MILLS SHIRLEY LLP
409 S. Presa
San Antonio, Texas  78205

*ATTORNEYS FOR DEFENDANT, HENSEL PHELPS CONSTRUCTION CO.*
David V. Wilson, II
HAYS, MCCONN, RICE & PICKERING, P.C.
1233 West Loop S., Suite 1000
Houston, Texas  77027

*ATTORNEYS FOR DEFENDANT, A-1 SECURITY & FIRE EQUIPMENT COMPANY, INC.*
Brian Scott Bradley
James W. Watson
WATSON, CARAWAY, MIDKIFF & LUNINGHAM
309 W. 7th Street, Suite 1600
Fort Worth, Texas  76102

***ATTORNEYS FOR DEFENDANT, ESSENTIAL FIRE PROTECTION SYSTEMS, INC.***
　　　　Jennifer D. Aufricht
　　　　Shawn W. Phelan
　　　　Daniel P. Buechler
　　　　THOMPSON, COE, COUSINS & IRONS, L.L.P.
　　　　Plaza of the Americas
　　　　700 N. Pearl Street, Twenty-Fifth Floor
　　　　Dallas, Texas  75201-2832

*/s/ Marc A. Young*
_____
Marc A. Young